O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#14/14-3/16

CIVIL MINUTES - GENERAL

| Case No. | CV 09-4639 PSG (FMOx) | Date | October 9, 2009 |
|---|---|---|---|
| Title | Alex Renteria v. City of Maywood *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:** (In Chambers) Order GRANTING in part and DENYING in part Defendants' Motion To Dismiss Plaintiff's First Amended Complaint

Before the Court is Defendants' Motion To Dismiss Re First Amended Complaint Pursuant to F.R.C.P. 12(b)(6) or in the Alternative Motion for More Definite Statement. The matter came on for hearing on October 5, 2009. After considering the moving and opposing papers, as well as oral argument, the Court GRANTS in part and DENIES in part Defendants' motion.

I.  Background

Plaintiff Alex Renteria ("Plaintiff") alleges that on September 2, 2006 he was unlawfully detained, beaten, and arrested by Emil Flores ("Flores") and Pablo Cunningham ("Cunningham"), two police officers with the City of Maywood's and City of Cudahy's joint Police Department ("Maywood Police Department"). *See First Amended Complaint ("FAC")* ¶¶ 14, 28-34. Plaintiff alleges that Flores, Cunningham, the Maywood Police Department, and Maywood Deputy Police Chief Bruce Leflar ("Leflar") then filed a false police report about the incident, destroyed evidence, and "caused false and unwarranted criminal charges to be filed" against Plaintiff in the Los Angeles Superior Court. *See id.* at ¶ 35. Those criminal charges were dismissed on June 27, 2007.[1]

---

[1] While the FAC alleges that the charges were dismissed on June 26, 2007, *see FAC* ¶ 35, both parties appear to agree that the charges were actually dismissed on June 27, 2007. *See Motion* 4:3-4; *Opp.* 4:9-11.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14/14-3/16**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4639 PSG (FMOx) | Date | October 9, 2009 |
|---|---|---|---|
| Title | Alex Renteria v. City of Maywood *et al.* | | |

On June 26, 2009, Plaintiff filed suit against the City of Maywood ("Maywood"), the City of Cudahy ("Cudahy"), Leflar, Cunningham, Flores, and DOES 1-10 (collectively, "Defendants"). The Complaint asserted the following causes of action against the following defendants: 1) unconstitutional search and seizure and 2) failure to intervene to prevent civil rights violations, against Defendants Cunningham and Flores, *see Cmplt.* ¶¶ 34-51; 3) municipal liability for violation of constitutional rights, against Defendants Maywood, Cudahy, and Leflar, *id.* at ¶¶ 53-74; 4) conspiracy to conceal the violation of Plaintiff's constitutional rights, against Leflar, Cunningham, and Flores, *id.* at ¶¶ 75-84; and 5) violation of California Civil Code § 51.7, against Defendants Cunningham, Flores, and Leflar. *Id.* at ¶¶ 124-127.

On August 19, 2009, Plaintiff filed a First Amended Complaint ("FAC") against the same defendants, asserting claims for 1) unlawful seizure and excessive and unreasonable force in violation of 42 U.S.C. § 1983 and the 4th Amendment, *FAC* ¶¶ 49-55; 2) false arrest in violation of 42 U.S.C. § 1983 and the 4th Amendment, *id.* at ¶¶ 56-64; 3) malicious prosecution in violation of 42 U.S.C. § 1983 and the 4th and 14th Amendments, *id.* at ¶¶ 65-71; 4) municipal liability for violation of Plaintiff's civil rights against Defendants Maywood and Cudahy, *id.* at ¶¶ 72-81; and 5) violation of California Civil Code § 51.7. *Id.* at ¶¶ 82-85.

On September 8, 2009, Defendants Maywood, Cudahy, and Leflar filed a Motion To Dismiss Plaintiff's First Amended Complaint or in the Alternative For a More Definite Statement ("Motion"). Defendants Cunningham and Flores join in the Motion.

II.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint does not need detailed factual allegations to survive a 12(b)(6) motion to dismiss, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Rather, the complaint must allege sufficient facts to raise a right to

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14/14-3/16**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4639 PSG (FMOx) | Date | October 9, 2009 |
|---|---|---|---|
| Title | Alex Renteria v. City of Maywood *et al.* | | |

relief above the speculative level. *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). However, detailed and "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citation and internal quotation marks omitted).

In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Courts must also construe all reasonable inferences in the light most favorable to the plaintiff. *See Broam v. Bogan*, 320 F. 3d 1023, 1028 (9th Cir. 2003). To further the inquiry, courts may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The Court may consider such documents if a) their authenticity is not questioned and the complaint either refers to them or necessarily relies upon them, s*ee id., Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superceded by statute on other grounds*, or b) they are "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir. 2001).

III.    Discussion

Defendants attack Plaintiff's claims on a number of grounds. The Court will take up those arguments in turn.

    A.    Whether Plaintiff's Claims Are Barred By the Statute of Limitations

Defendants argue that Plaintiff's First, Second, Fourth, and Fifth Causes of Action are barred because the statute of limitations for each of those claims ran prior to Plaintiff's filing the initial Complaint in this action. *See Motion* 2:3-4-13. For the reasons that follow, however, the Court finds that this is true only with respect to Plaintiff's Fifth Cause of Action.

As an initial matter, the parties do not dispute—and the law supports their accord—that the limitations period for Plaintiff's First, Second, and Fourth Causes of Action under 42 U.S.C. § 1983 and for Plaintiff's Fifth Cause of Action under California's Unruh Civil Rights Act is two

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14/14-3/16**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4639 PSG (FMOx) | Date | October 9, 2009 |
|---|---|---|---|
| Title | Alex Renteria v. City of Maywood *et al.* | | |

years. *See Providente v. City of El Monte* 2009 WL 2514184, *4-5 (C.D. Cal. Aug. 13, 2009). It is also well settled that a federal civil rights claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action," s*ee Lukovsky v. City and County of San Francisco,* 535 F.3d 1044, 1048 (9th Cir. 2008), while an Unruh Act claim generally accrues on the date the allegedly wrongful act takes place. *See Pickern v. Best Western Timber Cove Lodge Marina Resort,* 2002 WL 202442 *5 (E.D. Cal. Jan. 18, 2002). Both categories of claims are subject to California's statutory tolling provisions. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (stating that courts apply the forum state's tolling laws to actions brought under 42 U.S.C. § 1983).

The first relevant tolling provision here is set forth in California Government Code § 945.3. Section 945.3 provides that no person charged with a criminal offense may, while those charges are pending, bring a civil action for money or damages against a peace officer, or the public entity that employs that officer, based upon conduct of the officer relating to the offense with which the person is charged. *See* Cal. Gov't Code § 945.3. Section 945.3 further provides that the statute of limitations for any such action "shall be tolled during the period that the charges are pending." *Id.*

A second relevant tolling provision is set forth in California Code of Civil Procedure ("CCP") § 352.1, a disability provision that tolls the statute of limitations on a claim if the person entitled to bring the claim "is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than life." *See* Cal. Civ. Proc. Code § 352.1. The statute of limitations may be tolled for up to two years under this provision. *See id.*

Here, Defendants maintain that the two-year limitations period for Plaintiff's section 1983 and Unruh Act claims accrued on September 2, 2006, the date Plaintiff was allegedly detained, beaten, and arrested by Officers Cunningham and Flores. *See Motion* 3:5-17. According to Defendants, the statute of limitations on those claims then ran for four days—i.e., until September 6, 2006—at which time the statute of limitations began to be tolled under Government Code § 945.3 because criminal charges were filed against Plaintiff on that date in Los Angeles County Superior Court. *See Motion* 3:21-4:7; *Request for Judicial Notice ("RJN"),*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14/14-3/16**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4639 PSG (FMOx) | Date | October 9, 2009 |
|---|---|---|---|
| Title | Alex Renteria v. City of Maywood *et al.* | | |

Ex. A.[2] The tolling period under Government Code § 945.3 continued, according to Defendants, until June 27, 2007, when the criminal charges against Plaintiff were dismissed. *See Motion* 4:3-7. Thus, Defendants calculate that because the statute of limitations ran for four days prior to the § 945.3 tolling period, the limitations period on Plaintiff's claims (when it began to run again on June 27, 2007) extended only to June 23, 2009—three days before Plaintiff filed his initial Complaint. *See id.* at 4:3-13.

In the Court's view, Defendants paint with too broad a brush. In fact, the causes of action at issue merit individual attention.

     1.     Plaintiff's First Cause of Action

Plaintiff's First Cause of Action is for unlawful seizure and excessive and unreasonable force in violation of 42 U.S.C. § 1983 and the 4th Amendment. This cause of action is based on Plaintiff's allegation that he was unlawfully detained, beaten, and arrested by Cunningham and Flores on September 2, 2006. Defendants are, therefore, correct that Plaintiff's First Cause of Action accrued from the date of that alleged incident. *See Lukovsky,* 535 F.3d at 1048. The Court finds, however, that the statute of limitations on that claim was tolled from September 2 to September 6, 2006 because of the disability of imprisonment.

CCP § 352.1 tolls the statute of limitations if "at the time the cause of action accrued" the person entitled to bring the cause of action was "imprisoned on a criminal charge." *See* Cal. Civ. Proc. Code § 352.1. Defendants argue that this tolling provision does not apply to Plaintiff's excessive force claim because that claim accrued at the time Flores and Cunningham allegedly used excessive force against Plaintiff, which Defendants suggest was, strictly speaking, some time *before* he was "imprisoned." *See Reply* 4:15-27. The law, however, does not support such a narrow construction of the term "imprisoned" under the statute.

In fact, as the United States Supreme Court has recently explained, "[e]very confinement of the person is an imprisonment, whether it be in a common prison or in a private house, or in

---

[2] Pursuant to Rule 201(b) of the Federal Rules of Evidence, and noting that Plaintiff makes no objection, the Court takes judicial notice of the facts presented in Exhibit A to Defendants' Request for Judicial Notice, which Defendants declare to be a "copy of the docket" of the criminal proceedings against Plaintiff. *See RJN* 2:5-6, Ex. A.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14/14-3/16**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4639 PSG (FMOx) | Date | October 9, 2009 |
|---|---|---|---|
| Title | Alex Renteria v. City of Maywood *et al.* | | |

the stocks, or even by forcibly detaining one in the public streets." *Wallace v. Kato,* 549 U.S. 384, 388-89, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) (internal quotations omitted). And the case law applying California's statutory tolling provision for the disability of imprisonment is in accord with this principle. Thus, the Ninth Circuit has held that the imprisonment provision tolls the statute of limitations for section 1983 claims where those claims are based on allegations that police officers used excessive force in subduing the plaintiff during an arrest. *See Elliott v. City of Union City,* 25 F.3d 800, 801 (9th Cir. 1994).[3] As the Court in *Elliot v. City of Union City* noted, "continuous custody is the relevant disability" in considering whether the tolling provision applies, *see id.* at 803, and the term "imprisoned" should not be understood as requiring use of an actual prison. *See id.* at 802 n. 2.

Here, the incident alleged to have occurred on September 2, 2006 began with Plaintiff's being detained by Cunningham and Flores. *See FAC* ¶¶ 29-30. The officers' alleged use of excessive force began soon thereafter, s*ee id.* at ¶¶ 31-32, and culminated in Plaintiff's arrest. *See id.* at ¶ 34. Plaintiff then appears to have been held in continuous custody until he was released on his own recognize on September 6, 2006. *See RJN,* Ex. A. The Court therefore finds that, under the terms of CCP § 352.1, Plaintiff was indeed "imprisoned" at the time his excessive force claim accrued, and the statute of limitations on that claim was therefore tolled under CCP § 352.1 until Plaintiff was released from custody on September 6, 2006. At that point, the claim began to be tolled under Government Code § 945.3, since criminal charges were filed against Plaintiff on that same date, and the claim continued to be tolled under § 945.3 until June 27, 2007, when Plaintiff's criminal charges were dismissed. As a result, the two-year limitations period for Plaintiff's excessive force claim did not begin to run until June 27, 2007. As Plaintiff filed his initial Complaint on June 26, 2009, Plaintiff's excessive force claim was timely.

    2.  Plaintiff's Second Cause of Action

The statute of limitations analysis for Plaintiff's Second Cause of Action for false arrest is a bit simpler. After observing that "false arrest" is but a species of "false imprisonment," the United States Supreme Court has recently stated that "[l]imitations begin to run against an action

---

[3] *Elliott* concerned the application of the imprisonment tolling provision as it was previously codified in California Government Code § 352(a)(3), which was identical to the current version in the relevant respects. *See Elliott,* 25 F.3d at 802.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14/14-3/16**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4639 PSG (FMOx) | Date | October 9, 2009 |
|---|---|---|---|
| Title | Alex Renteria v. City of Maywood *et al.* | | |

for false imprisonment when the alleged false imprisonment ends." *Wallace,* 549 U.S. at 388-89. The Supreme Court went on to explain that "[r]eflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* at 389 (citations omitted).

Here, Plaintiff's false imprisonment appears to have ended on September 6, 2006, the date on which Plaintiff was arraigned on criminal charges. *See RJN*, Ex. A. As a result, the limitations period on Plaintiff's false arrest claim could not have begun before September 6, 2006. *See Wallace,* 549 U.S. at 388-89. But from that date, as already explained, Plaintiff's claims were tolled under Government Code § 945.3 until June 27, 2007. Thus, the two-year limitations period for Plaintiff's Second Cause of Action began to run from June 27, 2007. Because Plaintiff filed his initial Complaint on June 26, 2009, Plaintiff's Second Cause of Action for false arrest was timely.

>    3.    Plaintiff's Fourth Cause of Action

Defendants appear to argue that because Plaintiff's First and Second Causes of Action are barred by the statute of limitations, and because Plaintiff's Fourth Cause of Action is derivative of those claims, Plaintiff's Fourth Cause of Action is also barred by the statute of limitations. *See Motion* 2:3-4:13. For the reasons explained above, the Court does not find that Plaintiff's First and Second Causes of Action are barred by the statute of limitations. Accordingly, the Court rejects Defendants' claim that Plaintiff's Fourth Cause of Action is barred by the statute of limitations.

>    4.    Plaintiff's Fifth Cause of Action

Finally, Plaintiff's Fifth Cause of Action asserts a claim against Defendants Cunningham, Flores, and Leflar for violation of California Civil Code § 51.7. Civil Code § 51.7 is a provision of California's Unruh Civil Rights Act that prohibits "violence, or intimidation by threat of violence . . . because of . . . race, color, religion, ancestry, national origin, political affiliation, sex, sexual orientation, age, disability, or position in a labor dispute." *See* Cal. Civ. Code § 51.7. Plaintiff's Fifth Cause of Action is thus based on essentially the same allegations that underlie his excessive force claim, namely, those relating to the physical violence he allegedly suffered at the hands of Cunningham and Flores on September 2, 2006. As with Plaintiff's section 1983

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14/14-3/16**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4639 PSG (FMOx) | Date | October 9, 2009 |
|---|---|---|---|
| Title | Alex Renteria v. City of Maywood *et al.* | | |

excessive force claim, then, it might appear that the statute of limitations on Plaintiff's Unruh Act claim would have been tolled first under CCP § 352.1 (because of the disability of imprisonment), then under Government Code § 945.3 (because of the pending criminal charges), which would render the Unruh Act claim in Plaintiff's initial Complaint timely. Not so.

In fact, part (b) of CCP § 352.1 states that the statute's tolling provision does not apply to an action against a public entity or public employee upon a cause of action for which a claim is required to be presented in accordance with certain portions of California's Torts Claims Act. *See* Cal. Civ. Proc. Code § 352.1(b) (specifying, among other portions of the Tort Claims Act, "Chapter 3 (commencing with Section 950) of Part 4, of Division 3.6 of Title 1 of the Government Code"). Unfortunately for Plaintiff, his Unruh Act cause of action is one that is contemplated by part (b): a cause of action for money or damages against a public employee or former public employee for which, under the California Torts Claims Act, the plaintiff must first submit a claim to the employing public entity. *See* Cal. Gov't Code §§ 950.2, 945.4; *Ellis v. City of San Diego,* 176 F.3d 1183, 1190 (9th Cir. 1999) ("[Section] 352.1(b) limits the tolling provisions of subsection (a) so that they do not apply to any 'action against a public entity or public employee upon a cause of action for which a claim is required to be presented in accordance with . . . the Government Code.'"); *Harman v. Mono General Hospital,* 131 Cal. App. 3d 607, 613, 182 Cal. Rptr. 570 (1982) (explaining that under the California Torts Claims Act the presentation of a claim against a public entity is "a condition precedent to a tort action against a public employee").

What this means is that the statute of limitations on Plaintiff's Unruh Act claim began to run on September 2, 2006 (the date the claim accrued) and continued to run up to September 6, 2006 (when tolling began under Government Code § 945.3), without the benefit of tolling under CCP § 352.1. As a result, even allowing for tolling under Government Code § 945.3 (which ended on June 27, 2007), the limitations period on Plaintiff's Unruh Act claim extended only to June 23, 2009—three days before Plaintiff filed his initial Complaint. Accordingly, the Court finds that Plaintiff's Fifth Cause of Action for violation of California Civil Code § 51.7 is barred by the statute of limitations. As amendment would be futile, the Court dismisses Plaintiff's Fifth Cause of Action with prejudice. *See Reddy v. Litton Indus.,* 912 F.2d 291, 296 (9th Cir. 1990).

B.      <u>Whether Plaintiff's Second and Third Causes of Action Relate Back</u>

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14/14-3/16**

CIVIL MINUTES - GENERAL

| Case No. | CV 09-4639 PSG (FMOx) | Date | October 9, 2009 |
|---|---|---|---|
| Title | Alex Renteria v. City of Maywood *et al.* | | |

Defendants also argue that Plaintiff's Second Cause of Action for false arrest and Third Cause of Action for malicious prosecution are time barred because they do not "relate back" to Plaintiff's initial Complaint.[4] That argument is without merit.

A later pleading "relates back" to the original pleading if the later pleading "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *See* Fed. R. Civ. P. 15(c)(1). Plaintiff's initial Complaint made specific allegations that Defendants unlawfully arrested him, then "filed a false police report, destroyed evidence and caused false and unwarranted criminal charges to be filed in the Los Angeles Superior Court against [Plaintiff]." *See, e.g., Cmplt.* ¶¶ 15-18. Without question, then, the FAC's claims for false arrest and malicious prosecution arose out of the "conduct, transaction, or occurrence" set out in the Complaint. *See* Fed. R. Civ. P. 15(c)(1). Accordingly, the Court finds that Plaintiff's Second and Third Causes of Action are not time barred for failure to "relate back" to Plaintiff's initial Complaint.

C.  Whether Plaintiff's Third Cause of Action Sufficiently States a Claim for Relief

Defendants argue that Plaintiff's Third Cause of Action for malicious prosecution is fatally deficient because it fails to allege sufficiently a necessary element to a malicious prosecution claim, namely, that the criminal proceeding was terminated in favor of the accused. *Motion* 4:19-5:15. The Court disagrees.

To state a claim for malicious prosecution, a plaintiff must allege that the underlying litigation in issue was (1) commenced by or at the direction of the defendant and was pursued to a legal termination in plaintiff's favor, (2) brought without probable cause, and (3) initiated with malice. *See Estate of Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1030 (9th Cir. 2008). Here, Plaintiff has alleged that the "[criminal] proceedings terminated in favor of the plaintiff by way of a dismissal on all charges." *FAC* ¶ 67. Defendants, for their part, do not dispute that the charges against Plaintiff were dismissed, but argue that such a dismissal does not, by itself, reflect Plaintiff's innocence in the manner ultimately required to establish the "favorable termination" element of a malicious prosecution claim. *See Motion* 4:26-5:15.

---

[4] While the outline heading for Defendants' argument indicates that Plaintiff's Third and Fourth Causes of Action are the target of this argument, the argument itself makes clear that Defendants actually have Plaintiff's Second and Third Causes of Action in mind. *See Motion* 5:16-6:16.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14/14-3/16**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4639 PSG (FMOx) | Date | October 9, 2009 |
|---|---|---|---|
| Title | Alex Renteria v. City of Maywood *et al.* | | |

The Court notes that "a party's voluntary dismissal is considered a favorable termination for the opposing party unless there is a reason for the dismissal not having to do with the merits of the action." *Fabbrini v. City of Dunsmuir,* 544 F. Supp. 2d 1044, 1048 (E.D. Cal. 2008); *see also Wilshire-Doheny Assocs. v. Shapiro,* 83 Cal. App. 4th 1380, 1391, 100 Cal. Rptr. 2d 478 (2000) ("[W]hen the underlying action is terminated in some manner other than by a judgment on the merits, the court examines the record to see if the disposition reflects the opinion of the court or the prosecuting party that the action would not succeed."). In contrast to the cases cited by Defendants in the course of their argument, there is no evidence before this Court at this stage suggesting that the dismissal of the criminal charges against Plaintiff did *not* reflect the merits of those charges. Accordingly, the Court finds Plaintiff's "favorable termination" allegation sufficient to survive a 12(b)(6) motion. *See Fabbrini,* 544 F. Supp. 2d at 1048 (noting that the "determination of the reasons underlying the dismissal is a question of fact").

  D.  <u>Whether Plaintiff's Fourth Cause of Action Sufficiently States a Claim for Relief</u>

Defendants argue that Plaintiff's Fourth Cause of Action for municipal liability for violation of Plaintiff's civil rights against Defendants Maywood and Cudahy is fatally deficient because Plaintiff fails to allege sufficiently that the wrongs suffered by Plaintiff were committed pursuant to Maywood's and Cudahy's "policies, procedures, customs, or practices." *Motion* 7:24-8:3. Again, the Court disagrees.

It is well settled that a local government entity may not be held liable on a section 1983 claim solely because it employs a tortfeasor. *See Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). Rather, for the government entity to be liable, the tortfeasor must be an employee "acting in accordance with official policies, including unwritten customs." *Shah v. County of Los Angeles,* 797 F.2d 743, 746 (9th Cir. 1986) (citations omitted).

Here, the FAC is replete with particularized allegations that the wrongs Plaintiff purportedly suffered were the result of widespread policies and practices in the City of Maywood's and City of Cudahy's joint police department. *See, e.g.,* FAC ¶¶ 74-80. Especially since "[i]t is improper to dismiss on the pleadings alone a *section* 1983 complaint alleging municipal liability even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice," *Shah*, 797 F.2d at

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#14/14-3/16

CIVIL MINUTES - GENERAL

| Case No. | CV 09-4639 PSG (FMOx) | Date | October 9, 2009 |
|---|---|---|---|
| Title | Alex Renteria v. City of Maywood *et al.* | | |

747, the Court finds that Plaintiff has met his burden of alleging municipal liability against Maywood and Cudahy.

> E. Whether Plaintiff Has Sufficiently Stated a Claim for Relief Against Defendant Leflar

Finally, Defendants argue that all claims against Defendant Leflar should be dismissed because Plaintiff has failed to allege with sufficient specificity the manner in which Leflar supposedly participated in the violations alleged. *See Motion* 9:27. The Court is not persuaded.

It is true that "liability under section 1983 arises only upon a showing of personal participation by the defendant" and that "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989). Here, however, the Court finds that Plaintiff has sufficiently pleaded Defendant Leflar's participation in the alleged violations, even with the heightened pleading requirements urged by Defendants. *See Motion* 9:12-17. The FAC alleges, for example, that Leflar and others "filed a false police report, destroyed evidence and caused false and unwarranted criminal charges to be filed" against Plaintiff in Los Angeles Superior Court. *See FAC* ¶ 35. The FAC also alleges that Leflar knew of Plaintiff's allegedly false arrest and continued to allow it. *See id.* at ¶ 62. Finally, the FAC repeatedly alleges that Leflar was personally responsible for training his officers in a manner that resulted in their alleged misconduct. *See, e.g., id.* at ¶ 25.

Accordingly, the Court denies Defendants' request to dismiss all claims against Defendant Leflar.

IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendants' Motion To Dismiss Plaintiff's Fifth Cause of Action for violation of state civil rights and California Civil Code § 51.7 with prejudice, and DENIES the remainder of Defendants' Motion.

**IT IS SO ORDERED.**